J-S62009-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                      :             PENNSYLVANIA
                                        :

v.                           :

STEVE MELICE                     :

             Appellant       :      No. 1072 EDA 2018

Appeal from the Order March 12, 2018
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0002853-2013

BEFORE: LAZARUS, J., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.

JUDGMENT ORDER BY LAZARUS, J.:        **FILED NOVEMBER 05, 2018**

Steve Melice appeals from the order, entered in the Court of Common Pleas of Montgomery County, denying without a hearing his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. After our review, we affirm.

On January 16, 2015, a jury convicted Melice of aggravated assault by vehicle while driving under the influence.[1] On August 21, 2015, the court sentenced him to 10½-24 years' incarceration. This Court dismissed Melice's direct appeal on December 11, 2015, for failure to file an appellate brief. Melice did not seek allowance of appeal in the Pennsylvania Supreme Court.

On August 15, 2016, Melice filed a timely, counseled PCRA petition, raising several claims of ineffective assistance of counsel. The PCRA court

---

[1] 75 Pa.C.S.A. § 3735.1(a).

held an evidentiary hearing and denied relief on March 23, 2017. On collateral appeal, this Court dismissed, again for failure to file an appellate brief. *Commonwealth v. Melice*, No. 983 EDA 2017 (Pa. Super. filed August 15, 2017).

Melice filed his second PCRA petition on December 27, 2017, claiming counsel who represented him in his first PCRA petition was ineffective for failing to file an appellate brief on collateral appeal. The PCRA court dismissed the petition as untimely. This appeal followed.

A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. *Commonwealth v. Murray*, 753 A.2d 201, 203 (Pa. 2000)). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

Here, the court imposed Melice's judgment of sentence on August 21, 2015. On December 11, 2015, this Court dismissed Melice's direct appeal for failure to file an appellate brief. Thus, judgment of sentence became final thirty days later, when the time allowed for filing a petition for allowance of appeal expired. *See* 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 1113(a). Thus, for purposes of section 9545(b), Melice's judgment of sentence became final on

January 11, 2016.[2] Melice had until January 11, 2017, to file any and all PCRA petitions. This petition, filed on December 27, 2017, is, therefore, patently untimely. Melice contends, however, that the newly-discovered facts exception to the one-year time bar applies. *See* 42 Pa.C.S.A. § 9545(b)(1)(ii).

Generally, allegations of PCRA counsel's ineffectiveness cannot be invoked as a newly-discovered "fact" for purposes of subsection 9545(b)(1)(ii). *See Commonwealth v. Gamboa-Taylor*, 753 A.2d 780 (Pa. 2000) (holding allegation of PCRA counsel's ineffectiveness cannot be invoked as newly-discovered "fact" for purposes of subsection 9545(b)(1)(ii)). *See also Commonwealth v. Wharton*, 886 A.2d 1120, 127 (Pa. 2005) (allegations of ineffective assistance of counsel will not overcome jurisdictional timeliness requirements of PCRA). Moreover, the "fact" on which Melice relies, counsel's failure to file an appellate brief, was known to him on August 15, 2017, and even if we were to construe this ineffectiveness as a newly-discovered fact, Melice did not file his petition within 60 days of the date on which the claim could have been presented, as required under 42 Pa.C.S.A. § 9545(b)(2). The PCRA court, therefore, properly dismissed Melice's petition as untimely.

Order affirmed.

---

[2] We note the Commonwealth incorrectly states that Melice's judgment of sentence became final on December 11, 2015, the date on which this Court dismissed his direct appeal. Commonwealth's Brief, at 8. However, the expiration of time for discretionary review in the Pennsylvania Supreme Court expired 30 days later, on January 11, 2016. *See* Pa.R.A.P. 1115(a).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/5/18